

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES CAHILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 08 C 6349 |
| ARLINGTON HEIGHTS PARK DISTRICT, ARLINGTON LAKES GOLF COURSE, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Charles Cahill, a resident of Arlington Heights, Illinois, brought this action against Arlington Lakes Golf Course and the Arlington Heights Park District for breach of contract and breach of due process. In his complaint (which is very unclear) he alleges that he received a letter from the golf course and/or park district informing him that he could golf from mid-March through mid-May, and from mid-September through mid-November. Cahill also petitions the court for leave to proceed *in forma pauperis*.

Under 28 U.S.C. § 1915(a) we may authorize a plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit, plaintiff states that he is unemployed, working sporadic odd jobs for less than $50 per week. He receives $700 per month from Social Security, and lives in a house owned by his mother. We are satisfied that he has demonstrated the requisite need.

Our inquiry does not end there, however. In reviewing a petition to proceed *in forma pauperis* we must analyze the claims and dismiss the action if it is frivolous or malicious (*i.e.*, lacks an arguable basis in law), fails to state a claim upon which relief can be granted, or seeks

damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In reviewing the petition we apply the standard used under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Complaints in federal court need only satisfy a notice pleading standard, whereby plaintiffs give defendants "fair notice" of the claims against them and the grounds on which the claims rest. Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Because the plaintiff is proceeding *pro se*, we liberally construe the complaint. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In the complaint, which is a little more than one page and contains only sparse allegations, Cahill alleges that he received a letter from the golf course and/or park district saying that he could golf from mid-March through mid-May and from mid-September through mid-November. Since that time Cahill has been thrown off the golf course three times. It appears that plaintiff seeks no relief other than permission to play golf. As such, the bulk of plaintiff's complaint is a four-paragraph proposed "compromise" that suggests certain temperature and scheduling guidelines to dictate when he would be allowed to play golf.

Construing the complaint liberally, it appears that plaintiff wishes to bring suit for breach of contract and breach of due process under 42 U.S.C. § 1983. The latter claim sounds in federal law since it arises under the Fifth and Fourteenth Amendments to the U.S. Constitution. Although it is not clear whether the golf course is a government entity, the park district is part of the Village of Arlington Heights. In order to establish liability against a municipality under § 1983, a plaintiff must show that (1) he suffered a deprivation of a federal or constitutional right (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority for the city, which (3)

was the proximate cause of his injury. Ovadal v. City of Madison, 416 F.3d 531, 535 (7th Cir. 2005) (citation omitted).

From our reading of the complaint, we believe plaintiff is arguing that his procedural and/or substantive due process rights were violated when he was kicked off the golf course. To state a due process violation claim the plaintiff must first allege that he has been deprived of a protected liberty or property interest that had been interfered with by the state. Wilson v. Formigoni, 42 F.3d 1060, 1065 (7th Cir. 1994). "A property interest of constitutional magnitude exists only when the state's discretion is 'clearly limited' such that the plaintiff cannot be denied the interest 'unless specific conditions are met.'" Brown v. City of Michigan City, Ind., 462 F.3d 720, 729 (7th Cir. 2006).[1]

Here, plaintiff has pointed to no statute or other source that would guarantee him the right to golf at the village's golf course. *See id.* (city's opening its parks to its residents free of charge does not create a constitutionally cognizable property interest in the parks, therefore the park may exclude a resident with a criminal record without raising due process concerns); *see also* Glatt v. Chicago Park Dist., 87 F.3d 190, 193 (7th Cir. 1996) (renter of a boat slip in city-owned harbor did not have a protected property interest in the slip, and therefore, assigning him to another slip did not constitute a deprivation of property). The letter plaintiff received indicating that he could golf during specific periods of time is insufficient to create an interest protected by the U.S. Constitution or federal law, even if it could somehow be

---

[1] In addition, the U.S. Supreme Court has defined a list of fundamental rights that are constitutionally protected under the principle of substantive due process. "Those rights include the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion[.] We have also assumed, and strongly suggested, that the Due Process Clause protects the traditional right to refuse unwanted lifesaving medical treatment." Brown, 462 F.3d at 732 (quoting Washington v. Glucksberg, 521 U.S. 702, 720 (1997)). The right to use municipal golf courses is not among them.

interpreted as a contract, which is doubtful. Glatt, 87 F.3d at 192 ("[n]ot all contractual entitlements, even of a substantive character, rise to the level of constitutional property") (citations omitted). Our due process inquiry therefore ends here, and plaintiff's claim under § 1983 is dismissed.

Plaintiff's breach of contract claim sounds in state law, not federal law. Under 28 U.S.C. § 1332, a federal district court may exercise jurisdiction over a state law claim where the parties are citizens of different states and the amount in controversy exceeds $75,000. It may also exercise jurisdiction over a state law claim that is supplemental to an action over which it has original jurisdiction. 28 U.S.C. § 1367(a). Here, plaintiff's claim under federal law fails – he has not alleged that the parties are diverse or that the amount in controversy exceeds the statutory minimum. Since we have no basis on which to exercise original jurisdiction, we cannot exercise supplemental jurisdiction over plaintiff's breach of contract claim. Therefore, this claim is dismissed.

For the foregoing reasons, plaintiff's complaint is dismissed for failure to state a claim on which relief can be granted, and his petition to proceed *in forma pauperis* is denied as moot.

James B. Moran<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Jan. 16, 2009.